FILED - USDC -NH
2024 AUG 5 AM10:47

9157

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Hawley Rae, et al						Case No. 22-cv-202-SM-AJ

						Case No. 1:24-223 (void)

MOTION FOR CLARITY

FRAUD IS NEVER FINAL

The Plaintiff demands that this Court, this judge, IMMEDIATELY REINSTATES the unlawful suspension of her driving rights, by the DMV, which was suspended.... WITHOUT AUTHORITY... by policymaking official defendant Maracuso, Director of the DMV, in violation of the Plaintiff's ..... LIBERTY RIGHTS...in violation of Due Process of the law, when the DMV, Mr Maracuso refused to allow the Plaintiff a ....Hearing.... BEFORE suspending her license to drive, which is mandated under State and Federal Law. Or if this hudge refuses to reinstste her license to drive as mandated under the law, for a violation under the Fifth and Fourteenth Amendments, under the State and Federal Constitution, then this judge is mandated to recuse himself, so that another judge will immediately reinstate her license to drive, and also allow a jury trial of her peers, for the unlawful Constitutional violations of her liberty rights, under 1983, which is allowed under 1983 even it occurred for one instance, as declared by the Court in the case of Pembaur v. city of Cincinnati. That under 1983 the Plaintiff has a claim of an unlawful act of incarceration in her house due to the suspension of her licence to drive by the defendants, in violation of her liberty rights to travel, for a period of two long years, and ongoing.

1. The Court is asked to disregard the Plaintiff's new filing which she filed mistakenly

thinking she had to file a new cause of action to add new defendant's to her still ACTIVE CASE under 1:22-cv-00202. That the new filing that was given the number 1:24-fp..223 by the court is therefore void of no legal force, as the Plaintiff was advised she could just ask the Court to add the defendants in case 202. Case 1:22-cv-00202 is still active, as the court has not rule or adjudicated the Plaintiff's claim in the 202 case, for the unlawful violation of her Constitutional Rights by the Plaintiff. A lawsuit allowed under 1983, for damages for the unlawful seizure of the Plaintiff, a denial of her LIBERTY RIGHTS, a Fourth and Fourteenth Amendment violation, without due process that is , suspending her license without first allowing the Plaintiff a HEARING as mandated under the Due Process rights of the State and Federal Constitutions, without due process, that is without first allowing the Plaintiff a HEARING to defend herself. The refusal of a Hearing before the suspension of her license to drive is a liability claim against the DMV, officially, and against defendant Director Marasco individually, Marasco a policymaking official, who violated the Plaintiff's liberty rights, when he refused to allow the Plaintiff her Constitutional right to a HEARING , before suspending her license to drive.

### FRAUDULENT MISREPRESENTATION BY THE COURT

### NO AUTHORITY TO SUSPEND MY LICENSE

### SECTION 263:56 AUTHORITY TO SUSPEND OR REVOKE LICENSES

(1) only after……" a hearing"….. with sufficient evidence that the driver:

………………………………………………………………

(a) Has committed an offense for which MANDATORY revoCation of license is required. NOT GUILTY

upon conviction  (the plaintiff's  license to drive was not revoked);  NOT GUILTY

(c)  is an HABITUAL RECKLESS OR NEGIGENT DRIVER (two simple traffic violations does not make a person a HABITUAL RECKLESS OR NEGLIGENT DRIVER).   NOT GUILTY

2

(d) Is incompoetent to drive by reason of physical, mental or moral impairment. (the Plaintiff provided a statement to the Dept. of Motor Vehicles by her doctor that she is not mentally impaired.) NOT GUILTY

(e) has used a manufactured license; NOT GUILTY

(f) has failed to appear in a "court"; NOT GUILTY

(g) contributed to an accident; NOT GUILTY

(h) for miscnduct, misuse or abuse of driving privileges; NOT GUILTY

(i) abandoned an auto; NOT GUILTY.

The conviction by the trial Judge for …..two ……simple traffic violations does not constitute the basis for a suspension of the Plaintiff's license by the DOS.

FRAUD IS NEVER FINAL

THERE IS NO FINALITY IN CASE 00202

4..     Where the magistrate in her DECEIT stated that "the Plaintiff requested a hearing …….."ON THE SUSPENSION OF HER LICENSE" …….when the fact is that the Plaintiff requested a hearing "BEFORE THE SUSPENSION OF HER LICENSE". This is when she was advised to appear to retake a drivers test. When she advised the DMV Director that she had a right to a HEARING before she appeared to retake a drivers test.

5.     The Deparment of Safety stated based upon the trree failures to appear, that because the Plaintiff failed to appear at her scheduled driver re-examinations on -1/21/2022, on 05/27/2022 and 06/20/2022, her iicense to drive was suspended.

6.     on ……May 05 2023 ….. the Plaintiff recieved a letter from the Adminsitrator of the Department of Safety, Bureau of Hearigs, from a Mr. Casko, Esq. stating

"Please be advised that I have reviewed ……"your hearing request"….. At this time, you must appear for a driver re-examinationas scheduled (5/27/2022). Whether to

order a re-examiantion ......"is not subject to review at a hearing"...... Therefore, your............... REQUEST FOR A HEARING ........."is respectfully DENIED".

7.     Here is proof that the Plaintiff's rights to a Federal and State Constitutional right to a HEARING "before" being ordered to submit to a driver re-examination, was denied, denied rights under Due Process of the law. Where she had the right to defend herself .....before.... her license to drive was suspended, before the defendants had a right under local procedure to order a drivers re-examination. Where the law of the land overrides any local procedure.

8.     That under the Constitution the Plaintiff was allowed a HEARING to defend herself, to produce evidence, before having to submit to a local procedure ordering her to appear for a driver re-examination. Where a right to Due Process were violated.

9.     And especialy where the trial court only found the Plaintiff guilty of only TWO, TWO simple traffic violations, not misdemeanors or felonies, there was no need for a re-examination, as under the local law, there has to be three traffic violations before the DMV can order the Plaintiff to be re-tested, and besides the three violations, must be serious traffic violations of misdemeanors or felonies. Here the Plaintiff was falsely accused of not stopping at a stop sign, and making an illegal turn on a double yellow.

## THE REPORT AND RECOMMENDATION

10.     in her Report and Recommendation Magistrate Judge Andrea Johnstone in a continuing conduct OF misrepresented and misinterpreting the facts in this case falsely stated that :

"Mrs. Amatucci dd not request a hearing on the suspension"

Helloooooooo the FACTS IN THE CASE is that Mrs. Amatucci requested a Hearing BEFORE BEFORE the suspension. That Mrs. Amatucci requested a Hearing before the suspension, a Hearing before the suspension, as mandated under the State and

Federa; Constitution, under Due Process, and where she was refused, denied, a Hearing...... before..... her license to drive was suspended, this was a violation of her State and Constitutional due process rights. Where the unawful acts of the defendants constitue her 1983 claim, for damages.

11.     That under the CONCLUSIONS OF LAW, the Department of Safety stated:

"That evidence will show... (copy attached) ..... that the suspension of the Plaintiffs license to drive was " based on her "three" failures to appear" for a driver reexamination. And that only if the Drier Re-Examinations were successful would she be eligible for license reinstatement".

12.     Here it is determined, and proven, that the Plaintiff's suspension of her drivers license was suspended under local law, which does not overrule her State and Federal Constituional rights, when they suspended her license under local due due to failure for her to appear, when they stated, a Red Card request was submited for the immediate suspension of her license /operating privileges......." for failure to appear.....".
a local procedure which does not override the Plaintiff's rights to a Hearing to defend herself before being re-examined.

13.     The ruling of the Magistrate was a s fraudulent ruling, when she stated tht the Plaintiff requested a Hearing on the Suspension of her license, when the truth and facts are that the Plaintiff requested a Hearing ......BEFORE.....her license to drive was suspended. A fraudulent ruling which makes the Magistrate's ruling void of no legal force. Where her fraud trespassed the Plaintiff's Federal rights, where the Magistrate lost jurisdiction to rule on this case.

14.     That where she was incarcerated in her house without the means to her liberty rights, when he license to drive was suspended, the Plaintiff has a viable claim under 1983 for a Fourth Amendment violation and under claims under 1983. Where under the

law a jury trial of her peers is MANDATED for her unlawful incarceration. A trial for damages..

15. Mr.Mercier of the DOS testified to the following:

"that based upon the three failures to appear, a Red Card was submitted for the IMMEDIATE SUSPENSION of the Respondent's license/operating privilees. Plaintiff's license to drive was suspended, her liberty rights were violated".

Stating that her privilege to drive was suspended because she did not appear to an appointment to a driver reexamination. A reexamination that was a violation of due process, when a Hearing before a driver reexamination was denied, in violation of due process. Especially when the Plaintiff was able to produce evidence that she was not found guilty of committing 3 traffic violations which is necessary for the sate to order her to be re-examined. And especially where they were simple traffic violations that she was being accused of. Nothing that was a threat to the safety of the public, that is of course is she was guilty of any traffic violation , which she was not and could prove it.

16. It is years that I have been imprisoned in my house because of the violation of my LIBERTY. I have been denied the right to use my car, the only meaning I had to freedom. That is now I have no freedom to leave my house without the right to use a car. An IMPRISONMENT that was a violation of my liberty rights.

17. That if this judge denies me my rights to a jury trial in this case, he would be violating my due process protections afforded by the Fiftht and Fourteenth Amendments of the United States Constitution, and part 1, asrticle 15 and part 1 , article 35 of the New Hampshire Constitution. And he is MANDATED yto recuse himself from this case, which can never be dismissed under the rights of the Plaintiff under the State and Federal Constitution, in violation of Due Process of the law, where the Plaintiff had a

6

Constitutional right to a HEARING, where she could defend herself with evidence, before her license to drive was suspended by he defendants. Who are policymaking officials, therefore liable under 1983.

Part 1, article 35 of the New Hampshire Constitution provides in pertinent part:

It is essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an IMPARTIAL interpretation of the laws, and adminstration of justice. It is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit.

Part 1, article 35 N.H. Const.

The constitutional guarantees of impartiality are implemented in part by Canon C, parte 3(1) of the Code of Judical Conduct in Supreme Court rule 38. That rule states that "A judge must disqualify himself in a proceeding in which is impartiality might reasonably be questioned..."Canon C, part 3(1) does not require that there be actual bias or impartiality. To insure that an accused person's rights are protected, the rule requires disqualification in any circumstance in which a judge's impartiality might reasonably be questioned. This is consistent with Canon 2 of the Rules of Judicial Conduct, which instructs that een the appearance of impartiality should be avoided.

18.   As explained in Taylor-Boren v. Isaac 143 N.H. 261, 268 (1998) :

Whether an appearance of impropriety exists is determined if a reasonable person, not the judge himself would question the impartiality of the court. Snow's Case , 140 N.H. 618, 624 (1996); see Blaisdell v. city of Rochester, 135 N.H. 589, 593 (1992). That is wheterh an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that JUSTICE IS DONE IN THE CASE. See also J. Shaman et al, Judicial Conduct and Ethics 4.15, at 125-26 (2d ed. 1995).

In Snow's case 140 N.H. 618 (1996) the Court explained , that even though the court may itself not feel any bias, the mere fact that the circumstances would cause a reasonable person to think that there might be bias requires recusal.

19.    That the fact is and cannot be denied, that the United States Constituion, and State Constitution, due process rights were violated by this court, when they are trying to dismiss this case without determining the Plaintiff's ONLY merits in this case, the right to a HEARING before her license to drive was suspended, is a reasonable question of

the judge's inability to decide legal matters in this case.

20.     Where the facts and law that are supported are that the defendants violated the Plaintiff Federal Constitutional rights when they refused to allow the Plaintiff a HEARING before they had her right to suspended her license to drive, in violation of Due Process of the State and FEDERAL Constitution.

### The Plaintiff's Monel Claim

21.     The United States Supreme court in the case of Hafer v. Melo held that the "official policy" standard set forth in Monell, established municipal liability under 42 U.S.C. 1983, municipal liability imposed for a SINGLE DECISION by municipal plolicymakers. And in this case by the poicymaking Official, Director, of the DMV a Mr. Maracuso. Where as the Supreme Court ruled in this case, Maracuso's acts which were taken under State authority violated the Plaintiff's Constitutional rights, as stated in a unanimous decsion by the court.

WHEREFORE;  There is NO DISPUTE that the Plaintiff had a FEDERAL and STATE CONSTITUTIONAL right to a ....HEARING.... before her license to drive was suspended. There is no dispute that the claims in this case were only based on the violation of the Plaintiff's Constituional rights to a Hearing BEFORE BEFORE BEFORE her license to drive was suspended. That the DMV, the Director had NO AUTHORITY to have her license before allowing her a HEARING, to defend herself, to produce her evidence.  There is no dispute that by refusing her a Hearing as mandated under State and Federal Law, under due process, before her license to drive was suspended, that the defendants violated her Federal Constitutional rights, a 1983 claim, which allows damages for the unlawful decision of a policymaker, of the acts of Director Maracuso, against the DMV, and defendants. Where due to her unlawful incarceration in her home, when her liberty rights were suspended due to the suspension of her license to drive, she is allowed a jury trial of her peers for damages allowed under 1983.   where there is no dispute that she was denied her Federal Constitutional right to a Hearing. In violation of her z FREEDOM AND LIBERTY RIGHTS.

Respectfully,

Josephine Amatucci

August 5, 2024

8

c. Department of Motor Vehicles.

*Josephine Amatucci*

Josephine Amatucci
PO Box 272
Wolfeboro Falls, NH 03896



United States District Court
District of New Hampshire
Office of The Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301